UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL ASHLEY,

    Plaintiff,

v.

E'COE HILL, et al.,

    Defendants.

_____/

Case No. 1:24-cv-31

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against several Defendants. Defendant Jacob Clapper, a physician's assistant, filed a motion to dismiss pursuant to FED. R. CIV. P. 12, arguing that Plaintiff's claims against him were untimely and that Plaintiff failed to state an Eighth Amendment claim. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the motion be granted as to Plaintiff's Eighth Amendment claim and otherwise denied. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In his objections, Plaintiff first argues that Defendant Clapper's motion should be denied because the Magistrate Judge's Case Management Order "discourage[d]" the filing of Rule 12 motions (Pl. Objs., ECF No. 59 at PageID.939–942, quoting CMO [ECF No. 26 at PageID.225]).

Second, Plaintiff argues that the Magistrate Judge erred because he failed to provide Plaintiff with "an opportunity to argue his Eighth Amendment claim against Clapper and instead gleened [sic] bare facts from the Complaint" (*id.* at PageID.943). Plaintiff delineates certain evidence in support of his Eighth Amendment claim that he opines "should be reviewed by this Court" (*id.* at PageID.943–950).[1]

Plaintiff's objections are properly denied.

As set forth more fully by Defendant Clapper in his response to Plaintiff's objections (Resp., ECF No. 62 at PageID.987–991), the Case Management Order did not prohibit Defendant Clapper from filing his Rule 12 motion. The Court also notes that Plaintiff duly filed a response to the motion (ECF No. 21), which the Magistrate Judge considered (R&R, ECF No. 55 at PageID.854). In recommending that Defendant Clapper's motion be granted as to Plaintiff's Eighth Amendment claim, the Magistrate Judge thoroughly examined the allegations Plaintiff made in his Amended Complaint in support of the claim and accurately concluded that Plaintiff's claim rests on the adequacy of the treatment he received (R&R, ECF No. 55 at PageID.849–853, 858). As the Magistrate Judge explained, Plaintiff's factual allegations, accepted as true, do not state a plausible federal constitutional claim (*id.* at PageID.858–859, citing, e.g., *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("[A] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983.")). Plaintiff does not specifically address, let alone identify error in, the Magistrate Judge's Rule 12 analysis. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

---

[1] In his objections, Plaintiff also concedes that he does not allege any other claims against Defendant Clapper (Pl. Objs., ECF No. 59 at PageID.950), a representation that the parties subsequently memorialized in a Stipulation. *See* Stip., ECF No. 61.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 59) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 55) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Clapper's Motion to Dismiss (ECF No. 21) is GRANTED IN PART as to Plaintiff's Eighth Amendment claim, which is DISMISSED; the motion is otherwise DENIED.

**IT IS FURTHER ORDERED**, in light of this Court's February 18, 2025 Order granting the parties' Stipulation (ECF No. 63), that Defendant Clapper is TERMINATED as a party in this case.

Dated: March 4, 2025    /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge