UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL ASHLEY,

    Plaintiff,

v.

E'COE HILL, et al.,

    Defendants.

_____/

Case No. 1:24-cv-31

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against six Defendants, alleging violations of the Eighth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA). Plaintiff's claims concern the treatment of his urinary tract infections (UTIs), which arose from a urostomy and the use of an urostomy (ostomy) pouch. Defendant PA Jacob Clapper was previously dismissed. Defendants Michigan Department of Corrections (MDOC) and RN Lori Blue (collectively the "MDOC Defendants") and Defendants NP E'Coe Hill, NP Heather Doolittle, and Dr. Rickey Coleman (collectively the "Corizon Defendants") moved for summary judgment on the claims against them. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the motions be granted and this case terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendants filed responses. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to

which objections have been made. The Court denies the objections, approves and adopts the Report and Recommendation, and closes this case.

**RN Blue.** In his objections, Plaintiff first argues that the Magistrate Judge erred in recommending dismissal of his Eighth Amendment claim against Blue where, according to Plaintiff, "there is a material disagreement [about] whether [Plaintiff] refused treatment, or Blue refused to provide a proper evaluation of complaints of continuing UTIs by not taking [his] vitals on July 9, 2021," contrary to the articles Plaintiff supplied the Magistrate Judge about UTIs (Pl. Objs., ECF No. 71 at PageID.1117–1120).

Plaintiff's objection lacks merit. The Magistrate Judge expressly determined that "[e]ven if there was a factual dispute over whether [P]laintiff refused the treatment offered, RN Blue's actions did not rise to the level of a federal constitutional violation [because] the treatment plan limited the options of [P]laintiff's health care providers due to 'highly resistant bacteria in his urine'" (R&R, ECF No. 70 at PageID.1104–1105). Specifically, "RN Blue was following that plan by asking [P]laintiff to wait until his appointment with the medical provider" (*id.* at PageID.1104). The Magistrate Judge properly concluded that, at most, RN Blue was negligent in the manner in which she executed the treatment plan, which does not constitute an Eighth Amendment violation (*id.*). *See Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018) ("An inmate's 'disagreement with the testing and treatment he has received … does not rise to the level of an Eighth Amendment violation.' Nor does 'a desire for additional or different treatment … suffice to support an Eighth Amendment claim.'") (citations omitted). This objection is properly denied.

**Dr. Coleman.** Next, Plaintiff argues that the Magistrate Judge erred in recommending dismissal of his claim against Dr. Coleman, the Utilization Management Medical Director who

purportedly refused to approve a specialist's prescription for D–Mannose, a dietary supplement to help control Plaintiff's UTIs. The Magistrate Judge recommends dismissal based on his determination that Dr. Coleman did not "refuse" to approve the prescription but returned an Alternative Treatment Plan (ATP) that required the specialist to resubmit the request based on Dr. Coleman's then-understanding that the supplement required approval through the non-formulary process (R&R, ECF No. 70 at PageID.1106). Plaintiff contends the Magistrate Judge should have instead "inferred" that when Defendant Coleman subsequently performed "a chart review for the approval of the D-mannose, [Coleman] would have seen that his ATP was understood to be a denial" that required correction (Pl. Objs., ECF No. 71 at PageID.1120–1122).

Plaintiff's objection is not based on any evidence but his pure speculation that Dr. Coleman performs chart reviews and in fact reviewed Plaintiff's chart and realized and disregarded that there was a miscommunication regarding his ATP that required correction (ECF No. 74 at PageID.1154). Plaintiff's objection fails to identify any error in the Magistrate Judge's analysis of the record evidence. Plaintiff's objection also fails to identify any error in the Magistrate Judge's ultimate conclusion that, at most, Dr. Coleman was negligent in the manner in which he handled the prescription recommendation, which, again, does not constitute an Eighth Amendment violation. Indeed, as the Corizon Defendants point out in response, when NP Hill resubmitted the request for D-Mannose on February 26, 2021 and explained that the pharmacy had clarified that they did not carry the supplement, Dr. Coleman immediately approved it (ECF No. 74 at PageID.1154, citing Coleman Decl. [ECF No. 48-3] ¶ 11). This objection is also properly denied.

***NPs Hill & Doolittle.*** The Magistrate Judge determined that NPs Hill and Doolittle followed the treatment plan with respect to Plaintiff's UTIs and that Plaintiff failed to provide any medical expert testimony to the contrary, necessitating their dismissal on summary judgment

(R&R, ECF No. 70 at PageID.1109, 1112). In his objections, Plaintiff argues that the Magistrate Judge's analysis is erroneous because, according to Plaintiff, "Doolittle followed none of these orders," and Hill "knew that the amount of cranberry juice being given was considered insufficient" (Pl. Objs., ECF No. 71 at PageID.1124–1126, 1130–1131). Plaintiff further opines that if NPs Hill and Doolittle had followed the treatment plan, then the September 28, 2021 treatment plan addendum requiring a supply of 10 bags per month to Plaintiff would have been unnecessary (*id.* at PageID.1127–1129). Last, Plaintiff argues that he is not required to produce any medical expert testimony where the dispute is not a disagreement about the adequacy of his treatment (*id.* at PageID.1136–137).

Plaintiff's objection merely reiterates his arguments about the delay in transitioning from cranberry juice to D–Mannose, without any evidence about the detrimental effect of such delay. Plaintiff's objection identifies no error by the Magistrate Judge in assessing his claims against NPs Hill and Doolittle. *See Phillips v. Tangilag*, 14 F.4th 524, 538 (6th Cir. 2021) (holding that the plaintiff "needed to 'place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment'"). Indeed, as the Corizon Defendants point out in response, the record includes Dr. Coleman's declaration that Plaintiff developed UTIs whether he was taking D–Mannose or cranberry juice (ECF No. 74 at PageID.1156 & 1160, citing Coleman Decl. ¶ 12). This objection is properly denied.

*MDOC.* Last, the Magistrate Judge recommends dismissal of Plaintiff's ADA and RA claims against the MDOC, determining that these statutes do not create remedies for Plaintiff because his claims are "essentially a disagreement with his healthcare providers over medical supplies" (R&R, ECF No. 70 at PageID.1115–1116). In his objections, Plaintiff asserts that the Magistrate Judge has not accurately characterized his claims (Pl. Objs., ECF No. 71 at

4

PageID.1132–1135). According to Plaintiff, he seeks "a reasonable accommodation of two urostomy changes per month" so that he can "equally participate in the programs or services offered by the prison facility and the MDOC" (*id.* at PageID.1132, 1135). Plaintiff's objection does not reveal any error in the Magistrate Judge's analysis. Rather, the Court agrees that Plaintiff's dissatisfaction with the medical treatment of his UTIs "necessarily sounds in medical malpractice, which, 'by itself, does not state a claim under the ADA [or the RA].'" *Powell v. Columbus Medical Enterprises, LLC*, No. 21-3351, 2021 WL 8053886, at *2 (6th Cir. Dec. 13, 2021); *see also Cannon v. Eleby*, No. 98-1546, 1999 WL 507006, at *1 (6th Cir. June 10, 1999) ("[M]ere allegations of inadequate medical care do not raise a viable discrimination claim."). This objection is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves the last pending claims, a Judgment will also enter. *See* FED. R. CIV. P. 58. The Court declines to certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 71) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 70) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (ECF Nos. 43 & 47) are GRANTED.

Dated: September 18, 2025                    /s/ Jane M. Beckering
                                             JANE M. BECKERING
                                             United States District Judge